UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARMEEN DENISE WASHINGTON, | |
| Plaintiff, | |
| -against- | 23-CV-8030 (LTS) |
| ETHAN SHUKLER; DOREEN THOMANN HOWE; KATIE BOWER; CATHY DESILVIA; ALLISON MESSINA; ERIC ROSENBAUM, | ORDER OF DISMISSAL WITH LEAVE TO REPLEAD |
| Defendant. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Charmeen Denise Washington, a New York resident, brings this action *pro se*. By order dated September 23, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses the action for lack of subject matter jurisdiction, with 30 days' leave to replead.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the

"special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff brings this action against private individuals, invoking the court's federal question jurisdiction. She asserts claims under federal privacy laws, including the Health Insurance Portability and Accountability Act ("HIPAA") and names as Defendants Ethan Shukler, Doreen Thomann Howe, Katie Bower, Cathy DeSilvia, Allison Messina, and Eric Rosenbaum, all of whom work at Project Renewal in New York County. The following facts are drawn from the complaint.[1]

In July 2023, in New York County, "I was sent to a rental program that violated the privacy policy and told me that they were not a federal residence." (ECF 1, at 5.) A case manager

---

[1] The Court quotes from the complaint verbatim. All grammar, punctuation, and spelling are in the original unless otherwise indicated.

at Project Renewal "den[ied] me services . . . Code 45 and rule 164.508 was broken when he and the crew broke my HIPAA rights." (*Id.*) "I was even denied a safety transfer by residential aids." (*Id.*) Defendant Shukler "forced a 2010E on me and my health and pursuit of happiness is in jeopardy." (*Id.*)

In the injury section of the complaint, Plaintiff states, "assault, homelessness and weight gain rape theft . . . job loss . . . good temps . . . Metro North contractor." (*Id.* at 6.) She seeks "200,000.00 for HIP[AA] privacy, policy violation and loss of job." (*Id.*)

## DISCUSSION

### A.   Subject Matter Jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[A]ny party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative."). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### 1.   Federal Question Jurisdiction

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the

plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Merely invoking federal jurisdiction, without pleading any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff does not state any facts suggesting that her claims arise under federal law. Her allegation that Defendants violated HIPAA does not provide a basis for this Court to exercise federal question jurisdiction because HIPAA does not provide a private right of action. *See Meadows v. United Servs., Inc.*, 963 F.3d 240, 244 (2d Cir. 2020). Because Plaintiff does not state a claim under federal law, the Court does not have federal jurisdiction of any claim she seeks to bring against Defendants.

### 2. Diversity Jurisdiction

Plaintiff does not allege facts demonstrating that the Court has diversity jurisdiction of this action either. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.,* only if there is no plaintiff and no defendant who are citizens of the same State."). "An individual's citizenship, within the meaning of the diversity statue, is determined by his domicile." *Johnson v. Smithsonian*, 4 F. App'x 69, 70 (2d Cir. 2001) (citing *Palazzo v. Corio*, 232 F.3d 88, 42 (2d Cir. 2000)). Domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Linardos v. Fortuna,* 157 F.3d 945, 948 (2d Cir. 1998).

In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Courts generally "recognize[ ] a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999). Where a complaint does not contain facts suggesting that the amount in controversy exceeds $75,000.00, the Court is not required to presume that the bare allegations in the complaint are a good faith representation of the actual amount in controversy. *See Weir v. Cenlar FSB*, No. 16-CV-8650, 2018 WL 3443173, at *12 (S.D.N.Y. July 17, 2018) (reasoning that "the jurisdictional amount, like any other factual allegation, ought not to receive the presumption of truth unless it is supported by facts rendering it plausible") (citing *Wood v. Maguire Auto. LLC*, No. 09-CV-0640, 2011 WL 4478485, at *2 (N.D.N.Y. Sept. 26, 2011), *aff'd*, 508 F. App'x 65 (2d Cir. 2013) (summary order)).

The Court cannot exercise diversity jurisdiction of any claim Plaintiff may be asserting because the parties are not of diverse citizenship and the face of the complaint does not support Plaintiff's assertion that the amount in controversy exceeds the statutory amount. Plaintiff, who resides in New York County, sues six individuals who are employed at a New York County organization. While Plaintiff does not plead the residence of these six individuals, it is clear that the parties are not diverse because at least one of these defendants, if not all, reside in New York. Plaintiff also does not allege facts suggesting that the relief she seeks exceeds $75,000.00. Indeed, Plaintiff does not allege any facts suggesting that she is entitled to any relief because she does not state a claim against any of the Defendants. The Court therefore does not have diversity

jurisdiction of this matter. *See Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (holding that the plaintiff bears the burden of establishing subject matter jurisdiction).

**B.      Litigation History**

Plaintiff has recently filed a number of other *pro se* actions in this court, in several of which the court has determined that it lacks subject matter jurisdiction of Plaintiff's claims. *See Washington v. Chong*, ECF 1:23-CV-1936, 4 (S.D.N.Y. July 24, 2023) (dismissing complaint against a doctor for lack of subject matter jurisdiction); *Washington v. Tocco*, ECF 1:23-CV-5561, 13 (S.D.N.Y. Oct. 10, 2023) (dismissing complaint against a doctor for lack of subject matter jurisdiction); *Washington v. JP Morgan Chase Bank Inc.*, ECF 1:23-CV-5819, 6 (S.D.N.Y. Oct. 11, 2023) (dismissing action without prejudice for Plaintiff's failure to update her address of record as directed by the court); *Washington v. New York Police Dep't*, ECF 1:23-CV-5820, 6 (S.D.N.Y. Oct. 10, 2023) (dismissing action for failure to state a claim); *Washington v. Abedin*, ECF 1:23-CV-5887, 1 (S.D.N.Y. filed July 7, 2023) *Washington v. Lindsay*, ECF 1:23-CV-5888, 6 (Oct. 6, 2023) (directing Plaintiff to file amended complaint); *Washington v. Paris Production Berlin*, ECF 1:23-CV-5922, 6 (S.D.N.Y. Aug. 28, 2023) (directing Plaintiff to file amended complaint).

Plaintiff is warned that if she abuses the privilege of proceeding IFP, she may be ordered to show cause why she should not be barred, under 28 U.S.C. § 1651, from filing new actions IFP in this Court without prior permission. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements).

**C.      Leave to Replead**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*,

657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The facts alleged in the complaint do not suggest that Defendants violated Plaintiff's federal rights, the parties are diverse, or the amount in controversy exceeds $75,000.00. The Court grants Plaintiff leave to amend, however, because it appears that Plaintiff may be attempting to assert a federal claim against Defendants regarding her housing. Should Plaintiff seek to assert a claim against Defendants unrelated to HIPAA, such a claim must include facts detailing Defendants' conduct with respect to her housing situation.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   December 5, 2023
         New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                          Chief United States District Judge